Fifth case for today, Lisle v. Pfister  May it please the court, my name is Brook Long, I represent the appellant Stephen Lisle. The hearsay at issue in this case was a direct accusation that was the sole piece of evidence at trial directly identifying my client as the perpetrator of either shooting of which it is Before we get into the merits, Mr. Long, I have a procedural question. I gather that Lisle has a collateral attack pending in state court at the moment. He currently has two proceedings that are pending. One is in the Rock Island court. That concerns an issue of hearsay. The federal constitutional claim is not at issue in that proceeding. Another one is a claim related to supposed prosecutorial abuses, and I don't know too many details. The state describes it as fraudulent concealment of evidence, which sounds like a Brady claim. But in either event, this leads to a question whether the exhaustion requirement has been satisfied. It seems like we have a partially exhausted claim, and the Supreme Court held in Rose v. Lundy that partially exhausted claims must be dismissed. Well, Your Honor, I would respond to that by saying, reiterating that it was in Mr. Lisle's direct appeal, which went all the way through the Illinois Supreme Court, that he raised this federal constitutional claim. You're not responding to my question about partial exhaustion. The holding of Rose is if you've got two claims, Legal Theory 1 and Legal Theory 2, the fact that Legal Theory 1 has gone through the state process completely does not allow a federal claim to be brought, while Legal Theory 2 is still pending in state court. That's what partial exhaustion means. And Rose v. Lundy holds that in a partially exhausted case, the federal claim must be dismissed, and that principle was reiterated fairly recently in Rines v. Weber, after the AEDPA. He said the AEDPA doesn't change the result of Rose v. Lundy. Well, Your Honor, this issue was not raised in the briefing between the parties, and it was not raised below in the district court. I would welcome the opportunity to address this issue in further briefing, but I will say that the federal constitutional claim here, he only had a year to raise this in a federal habeas proceeding, and that year period is only told... Not under Rose and Rines. The time doesn't begin until the state process is over. So let me throw in one further complication. I will allow you to file a supplemental statement about this. Are these proceedings that are pending in state court something that the state court might regard itself as second or successive petitions? Because if they are, then they may not be properly filed, and they would not have the tolling effect. If they really somehow all count as the first petition that the state allows, then the questions that Judge Easterbrook is posing become very immediate. But he seems like a frequent filer, from what I can tell, in these papers anyway. So it would be very helpful for us to know whether the state courts are saying, you've been here before, you've finished all of your remedies here, we're not going to address this because state law doesn't allow it. At that point, the state court would authoritatively be saying there's nothing left to exhaust. So if that's the situation, then you may be fine here. If it's the other situation, then we need more information. To expand on that, I think this means that we need copies of the state trial judges' decisions to see whether they were on the merits or on the ground that it was improper to proceed at all. Which doesn't seem impossible. I mean, you know, it seems like it could go either way. So you can do that, and if that you think is, and certainly we would welcome any word that the state may have on this same point. Do you think three weeks is enough time for you to find that, or would you rather, I mean, I don't want to impose an unrealistic deadline on you. No, I do, Your Honor. I think that would be that. All right, so why don't you file within 21 days. The state can furnish, we would certainly be grateful for any additional information from the state as well. And I do want to say before moving on, Your Honors, that it was my understanding, and we will check into this in connection with this additional briefing, that these proceedings would not toll this federal issue. So it could be because they were successive. We'll see. So why don't you move on to your, let me tell you on the merits, what worries me about your position. See what you have to say. The Supreme Court seems to me has pretty clearly reserved decision on the points that you're making about your issues. And so I don't see how we can have clearly established Supreme Court precedent in a situation where the court is saying, we haven't decided this yet. And I think the answer to that, Your Honor, is that the state appellate court here got this issue right. It considered the argument that it was, that there was no confrontation clause implication to a statement that was made to a private person as opposed to law enforcement. Considered that argument and expressly rejected it. So Judge Wood may be referring to Bryant against Michigan, which seems to have reserved this issue. So could you point us to a place where the Supreme Court of the United States has held that a statement from one private party to another could be deemed testimonial for purposes of the confrontation clause? And I think that, well, there's one example. I also meant Davis against Washington, which I think also says we're not going to decide whether out-of-court statements made to persons other than law enforcement are testimonial. And the Supreme Court did reserve that question as a general matter. And isn't that, how can we say under 2254D that there is clearly established law from the Supreme Court of the United States that the state courts flouted when the Supreme Court has made remarks like that? Not once, but actually a couple of times. And the clearly established law is a very fact-intensive standard that looks to whether under the objective circumstances, the participants to the communication would have reasonably expected that the hearsay would be used in a future prosecution. We're not asking what in your view should be the legal standard. We're asking you to point us to a decision of the Supreme Court clearly establishing the proposition that statements from one private party to another can be testimonial for purposes of the confrontation clause. Is there any such decision? I think Davis versus Washington itself contains in its analysis of the common law. It reserves this very issue. It reserves the... So it doesn't clearly establish the answer. The point of reserving an issue is to say we need to come back and deal with it in the future. More recently, however, the Supreme Court has rejected that flat rule, correct, in the Ohio case this year. It has. It's at least possible for private to private statements to be testimonial. And I have to say, I'm very troubled by the idea that we should defer to a decision the state courts might reasonably have made, but clearly did not in rejecting a position that the Supreme Court also later rejected. I'm not sure that falls within Harrington. We are very troubled with that as well. Now, that doesn't mean you win on your version of Washington and Davis, but I think, at least from my perspective, I'd be troubled by the Anti-Terrorism and Effective Death Penalty Act statute. I had understood as largely a federalism exercise. We are supposed to defer to reasonable views of federal law by state courts, but I'm not sure we're supposed to defer to reasonable views that they expressly rejected. Yes, Your Honor. I would agree with that. In the Brady v. Pfister decision, this court expressly said that the decision of the Illinois Appellate Court has to be taken into account. If the Appellate Court hasn't considered an issue, and there may have been some alternative basis under the Harrison v. Richter decision and Brady v. Pfister, you can do additional inquiry. We can pick it up. But by no means does that mean you can take the state decision, take an issue that they reversed that because it could have been reasonable if they went the other way, and then defer to the decision that never happened. But don't we look at judgments rather than—I mean, the bottom line of the state court, even if the reasoning was muddled, doesn't seem to be contrary to an explicit statement of the U.S. Supreme Court. Isn't that important? It is only important to the extent— I mean, we don't want to correct their opinions. It is only important to the extent this court is applying ad pediferance. If this court is going back and actually reversing the explicit reasoning and looking at that again, this court wouldn't want to insert new error on a de novo basis. We wouldn't. Let me—because we spent some time on jurisdiction, I'm going to give you a final minute, too. But let me ask you this. Why is it unreasonable for a court, any court, the Illinois Appellate Court, to decide based on the circumstances here that the questioning of Lee—that Lee's questioning, actually, excuse me, of Hearn was just part of an ongoing police emergency? He's there. He's bleeding. It's 18 minutes after the shooting. It doesn't seem to me wildly out of line to think that. It is directly—it is wildly out of line in our view because it's directly contrary to the record evidence. Ms. Lee, we know what her purpose was because she expressly testified to it and it flowed directly— Well, she thinks he's going to die, but she's saying, you know—I don't know that she's preserving a record for a later lawsuit. It seems a real stretch. Well, we would submit that it's a stretch in the other direction and an unreasonable one. Ms. Lee has been told by Mr. Hearn that he is dying. She believes he's correct. The police are about to arrive, and she is asking him repeatedly about past events, who did this to you? And the only reasonable inference in our view is that she's asking for purposes of future prosecution. Let me just ask you about the hypothetical the state raised in its brief. If Hearns himself had managed to make a call to the 911 operator and said these same things, would you agree that there's no confrontation clause problem? I don't think that that's necessarily true. We would have to look at the circumstances of what was actually said between the people. We have to recall that even in Michigan v. Bryant, the court said that if expressly, if the questioner says something to the effect of, we need to know who did this to you in order to prosecute them, what might otherwise be non-testimonial, you know, can be switched. Here we have record evidence that her actual purpose was to preserve his testimony in case he died. So yes, if the objective circumstances indicate that, even if it's a 911 operator, then yes, we would say it was testimonial. Okay, thank you. Ms. Bendick. Good afternoon. Good afternoon. Thank you, Your Honor. May it please the court, counsel. My name is Leah Bendick from the Illinois Attorney General's Office on behalf of Respondent. I'll begin with the procedural issue, Judge Easterbrook, that you raised. The first point to be made, though, is that while this court could not grant habeas relief given a partial exhaustion under, I believe it's 2253C, this court can deny relief despite the fact that exhaustion is ongoing. Yes, I understand that, but perhaps Mr. Long will address in his supplemental memorandum whether he wants to be in a position in which he can lose but cannot possibly win. Very few litigants strive for that position. Well, that's true. I want to also point to the specific parts of the record that have the state court judgments that, Judge Wood, you flagged. At record page 855 is where the state trial court's decision is that denied leave to file the successive post-conviction petition. So it was regarded as a successive. Yes, it was. And then the second pending matter is a section 214.01 petition under Illinois law. And at record page 879 is where the state trial court's order is denying the petition. I can't say that I remember for sure the grounds or the detail in that order. I haven't looked at that particular page in the record in a while, but at least I know that is the page to look at if this court would not wish. So those are the two proceedings to which Mr. Long was referring. Yes, that is correct. Turning then to the threshold matter of whether there is even any U.S. Supreme Court precedent on point. Yes, Davis footnote 2 is key here because it expressly reserved the question presented here. I did want to emphasize, in response to Judge Hamilton's point, that the phrasing of that footnote is important. It reserved the question of, quote, whether and when a statement to a non-law enforcement person could ever be testimonial. So not only did it leave open the question of whether there might be a per se bar, it also acknowledged that there might be a different test used in evaluating such a statement. There's no doubt, at least in my mind, that the standard under Crawford and Davis, when that's as far as things had gotten, leaves an awful lot of open texture. But I'm very troubled by the argument you made in your brief that because the Illinois court could have adopted the per se bar, that it would never be testimonial. Well, actually, my argument is slightly different than that, if I can explain. The point that I'm trying to make, though, is not only could it have been a per se rule, that was an open point, but it could have been that a completely different test would apply in those circumstances. Perhaps the Davis primary purpose test would not apply. And so it's not really fair to look at what the state court did in analyzing a hearsay statement under these situations, where number one, maybe it could be a per se factor, but also number two, maybe the Supreme Court at a future date would craft an entirely different analysis that it should use to evaluate the situation. And because of that, that's why, in a sense, the state court was flying blind in the particular aspect of the case, that it was a non-law enforcement person who generated the statement here. But even if this court is hesitant to resolve this case on this threshold matter, it actually is a good point to show why, on the second ground, that what the state court did here was entirely reasonable, in light of what Your Honor flagged, which is Ohio versus Clark. Because after all, earlier this year, what the U.S. Supreme Court did say here was no, it's not a per se factor, but it is an important factor. And that is entirely in line with what the state court ruled here. Not only that, but Petitioner is stressing, and he did here today, one fact in particular in support of his notion that it was an unreasonable determination, and that is Angela Lee's testimony. The reason why she asked the question was in case he did not make it. It does seem pretty outrageous that the state didn't call Hearn, I have to say. I mean, there's no thought. I mean, this is purely strategic, Hearn is not going to be good for us kind of move. Well, Your Honor, that's something that prosecutors and defense attorneys, they'd make that kind of reasoned consideration of witnesses or whether to put them on or not at any trial. But Hearn is crucial to this connection. I mean, the identification of Lyle happens only through Hearn. Otherwise, we just know Lyle is sort of a guy who lies a lot and who's generally unpleasant. We don't have that really central piece of evidence without Hearn. Well, this trial took place five months after Crawford came out. We do know, based on the state court's evaluation of the state law of the hearsay exception, that this was clearly an excited utterance. It was only 18 minutes after he had been shot. It related to the shooting. So really the prosecutor was in good stead thinking that, number one, this comes in under state law. But if he only had Crawford to look at, the signals that the trial judge had made at that point was because it only had Crawford and very little case law after that, that if you make it to a police officer, eh, I don't know that it comes in if there's no cross-examination, but if it's made to a non-police officer, then it comes in. So really he made a reasoned judgment that he could get that statement in appropriately under state law and that that would not be a constitutional violation. That was a reasonable judgment by the prosecutor at the time. But I do want to return back to the Angela Lee point because there Davis stresses time and again, I think Michigan v. Bryant says it's eight times, Davis uses the word objectively. This is an objective test. And Angela Lee's testimony about what she purely intended by asking the question of Hearn is nothing more than subjective evidence. And so by Davis, it cannot be considered. Or at the very least, this court cannot look at the state court and say, you were unreasonable for not considering that fact more since Davis stressed that it was an objective test. Also I want to note that Michigan v. Bryant is an important case here. It is true that it postdated the state court decision, but it is remarkably similar on the facts. And what Bryant shows us is that in that case, the declarant had been shot. In that case, no one knew where the perpetrator was. And in that case, the declarant left the scene of the crime by driving several blocks and had this conversation with police. And there the U.S. Supreme Court said, yes, that is an ongoing emergency. Just because you changed locations doesn't mean that you didn't know that it wasn't possible that the shooter might reappear and pose a physical threat to your safety. That is precisely what we have in this case. And so the state court actually based its finding on that very notion. Objectively, though, isn't it kind of difficult to see here a search for protection or shelter when they leave the home? Well, not in light of the fact that both parties made clear they thought his injuries, his five gunshot wounds, were very serious and perhaps life-threatening. So it is certainly understandable that in that situation, above all else, they wanted to get him in the ambulance as soon as possible. That does not automatically exclude the notion that they could also fear for their safety. They aren't mutually exclusive. It just could show that the parties most of all feared for Hearn's medical condition, that they thought he needed medical attention as soon as possible. And let's remember, yes, Davis left an open question of whether the fact that the questioner is not a law enforcement person is either a per se factor or just one of many factors. We certainly know that it weighs in favor of a non-testimonial finding. And that is certainly present here. We also know that the environment is much more similar to the Davis 911 call than the Crawford station house interrogation. Not only because this wasn't at a police station, it was a family member's home, but also because it was close in time to the shooting and he had not yet received medical treatment. Of course the parties were frantic, and of course they did not have the kind of calm, solemn formality that often goes along with the notion of testimonial hearsay. Certainly, again, this court has said in many circumstances that, yes, if a habeas petitioner is coming forward and he's offering an alternate view that is perhaps reasonable about some aspects of the case, that is not enough, so long as what the state court did in taking a different path was also reasonable. Petitioner has not put forth enough to undermine the state court's consideration that the parties in that circumstance would have reasonably feared for their safety and perceived an ongoing emergency, so that it was indeed a non-testimonial statement. And so if this court has no further questions, I'll stand on my briefs about harmless error, but I just want to at least emphasize that unless this court rejects first the threshold question of whether there's even any Supreme Court case law on point, and the merits of whether it's testimonial, it need not even reach the harmless error or the strength of the evidence. Thank you. All right. Thank you very much. I'll give you one more minute, Mr. Long. Your Honors, this case is a striking example of an intentional effort by the prosecution to shield a direct accusation from cross-examination by intentionally using hearsay in lieu of calling the declarant to the stand. But if it was admissible hearsay, why is that so awful? It is exactly the type of conduct that the Confrontation Clause is designed to prevent. I do want to address a few of the points raised. With regard to the idea that Ms. Lee's status as a private person was still important, even if it wasn't a per se bar, our point here is that the surrounding facts took her status as a family member out of the equation. This is moments before police are arriving, both people believe that Mr. Hearn is going to die, and indeed in the State Court's briefs before the State Court, they emphasized that he was facing his own mortality when he made these statements. At that point, and Ms. Lee's testimony that she meant to seek this information in case he died, the only reasonable conclusion is that future prosecution is the expected use. In terms of it being her subjective impressions, I understand I'm out of time, Your Honor. Okay, you are. And you took this case, I believe, on a volunteer basis? I did. We appreciate your help very much, your help to your client, your help to the court. Thank you, Your Honor. And thank you as well to the State. We'll take the case under advisement.